# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONNA SNYDER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:11-CV-694 CAS |
| ST. ANTHONY'S MEDICAL CENTER, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant St. Anthony's Medical Center's motion to dismiss Count I of plaintiff's petition and plaintiff's subsequently-filed motion to voluntarily dismiss Count I. While the parties agree that Count I should be dismissed, they disagree as to whether the dismissal should be with prejudice and whether defendant is entitled to attorneys' fees and costs incurred in filing its motion to dismiss. For the following reasons, the Court will grant plaintiff's motion to voluntarily dismiss without prejudice, and will deny defendant's request for attorneys' fees and costs.

On April 19, 2011, defendant filed a notice of removal, removing this case from the St. Louis County Circuit Court. Shortly thereafter, on April 26, 2011, defendant filed an answer to both Counts in plaintiff's petition—Count I for violation of the MHRA and Count II for violation of the ADEA. Defendant simultaneously filed a motion to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6). In its motion, defendant argues that plaintiff failed to state a claim under the MHRA because she failed to allege that she received a right-to-sue letter from the MCHR. In response to defendant's motion to dismiss, plaintiff filed a "Notice of Dismissal" whereby she attempted to dismiss without prejudice Count I of her petition. In its reply in support of its motion

to dismiss, defendant opposes plaintiff's attempt to dismiss her claims without prejudice, and seeks attorneys' fees and costs in filing its motion to dismiss.

Defendant relies upon Federal Rule of Civil Procedure 41(a)(1), which provides that a plaintiff may only voluntarily dismiss an action without court order if she files a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a). Otherwise, pursuant to Rule 41(a)(2), an action may be dismissed at the plaintiff's request only by court order on terms the court considers proper. Because defendant has already answered, it states plaintiff needs a court order to dismiss her claims. And because defendant states plaintiff's claims are meritless, defendant seeks a court order dismissing the claims with prejudice, and awarding attorneys' fees and costs to defendant.

In a typical case, a defendant would assert a Rule 12(b) defense by motion before filing a responsive pleading. See Fed. R. Civ. P. 12(b) ("A motion asserting [a 12(b)(6) defense] must be made before pleading if a responsive pleading is allowed."). When presented with such a motion, a plaintiff would be allowed to voluntarily dismiss her claim without prejudice pursuant to Rule 41(a)(1), because a motion to dismiss is not considered an answer. This is a somewhat unusual case, however, because defendant filed answer to Count I and simultaneously filed a motion to dismiss Count I. It is only by dint of defendant simultaneously filing an answer and a motion to dismiss that plaintiff has lost her right to voluntarily dismiss her claims without prejudice pursuant to Rule 41(a)(1). While the Court does not take up the matter of whether, pursuant to Rule 12(b), a defendant can simultaneously answer and assert by motion a Rule 12(b)(6) defense, it notes that a plaintiff's right to voluntarily dismiss claims without prejudice should not be determined by a how a defendant fashions its response. Because this case is in its early stages, and defendant required

relatively minimal resources to file its motion, the Court considers it proper to allow plaintiff to dismiss her claim without prejudice.

Additionally, the well-settled American Rule on attorney fees in federal courts requires that, absent a statute or enforceable contract, each party is responsible for its own fees. <u>Lamb Eng'g & Constr. Co. v. Nebraska Public Power Dist.</u>, 103 F.3d 1422, 1435 n.14 (8th Cir. 1997). The Court will deny defendant's request for attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss Count I without prejudice is **GRANTED**. [Doc. 16]

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is **DENIED as moot**. [Doc. 9]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>3rd</u> day of June, 2011.